UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF ISLAND SHIPYARDS, LLC<br><br>VERSUS<br><br>MEDITERRANEAN SHIPPING COMPANY (USA), INC., as agent for MSC MEDITERRANEAN SHIPPING CO. S.A., GENEVA | CIVIL ACTION NO.:<br><br>ADMIRALTY 9(h)<br><br>JUDGE:<br><br>MAG. JUDGE: |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Gulf Island Shipyards, LLC ("Gulf Island"), who files its Complaint for Damages against Defendant, Mediterranean Shipping Company (USA), Inc., as agent for Mediterranean Shipping Co. S.A., Geneva ("MSC" or "Defendant") and alleges as follows:

### JURISDICTION, VENUE, AND PARTIES

1.

This is an admiralty and maritime action for damage to cargo being transported in international and/or interstate commerce by Defendant. Jurisdiction is proper in accordance with 28 U.S.C. § 1333(1), as this matter is governed by the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, *et seq.* ("COGSA"), or, in the alternative, The Harter Act. This Court has supplemental jurisdiction over any common law claims pursuant to 28 U.S.C. § 1367. In addition, this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Venue is proper in this district in accordance with 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to this claim occurred within this district. Namely, the cargo intended for delivery to Gulf Island was ultimately delivered to the Port of New Orleans within this Court's jurisdiction.

3.

At all material times, Plaintiff, Gulf Island Shipyards, LLC ("Gulf Island") was and now is a limited liability company organized under the laws of the State of Louisiana and doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court.

4.

Upon information and belief, made Defendant herein, Mediterranean Shipping Company (USA), Inc., as agent for Mediterranean Shipping Co. S.A., Geneva ("MSC" or "Defendant"), is a foreign corporation organized and existing under the laws of the state of New York with its principal place of business in New York. MSC was authorized to do and doing business within the state of Louisiana with local offices located in Metairie, Louisiana. MSC can be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802. Furthermore, at all material times, MSC was engaged in the common carriage of cargo, including the cargo described herein by water for hire, and was at all times a carrier of cargo.

**FACTUAL BACKGROUND AND CLAIMS**

5.

Gulf Island specializes in the design, construction and repair of marine vessels. In addition to repair and maintenance, Gulf Island fabricates newbuild marine vessels, including offshore

supply vessels, research vessels, tugboats, salvage vessels, barges, and more. Gulf Island provides these services to private companies as well as the U.S. government.

6.

In or around November 2020, Gulf Island entered into a purchase agreement with Wärtsilä Defense, Inc. ("Wärtsilä") to purchase, *inter alia*, a propeller shaft for use in connection with a government vessel construction project for the U.S. Navy. Specifically, the U.S. Navy awarded Gulf Island a construction project requiring the build of several, Towing, Salvage, and Rescue Ships (hereinafter "T-ATS Project").

7.

In accordance with the agreement between Wärtsilä and Gulf Island, the propeller shaft and other cargo was to be delivered from Trieste, Italy to New Orleans, Louisiana to Gulf Island. At all material times, Gulf Island was the consignee of the propeller shaft and other cargo.

8.

Upon information and belief, Wärtsilä and/or one of its agents contracted with MSC to serve as the ocean carrier. On or about January 2021, the propeller shaft and other cargo, then being in good order and condition, were delivered to MSC and/or its agents in Trieste, Italy for transportation to New Orleans, Louisiana in consideration of an agreed upon freight, pursuant to a Seaway Bill of Lading issued by MSC to Wärtsilä bearing number MEDUNC763426.

9.

Thereafter, upon information and belief, the propeller shaft was loaded upon a vessel owned and/or operated by MSC, the M/V ASTRID SCHULTE ("Vessel"), in a container without any damage and in good and suitable condition. In or around January 25, 2021, the Vessel departed Trieste, Italy for the Port of New Orleans.

10.

In or around February 3, 2021, the Vessel arrived to the Port of New Orleans with the propeller shaft and other cargo. Nonetheless, on the night of February 3, 2021, while MSC and/or agents of MSC were discharging the propeller shaft from the Vessel, the propeller shaft dropped and suffered serious and significant damage, rendering the cargo unfit.

11.

Following this incident, Gulf Island surveyed the propeller shaft and determined that the propeller shaft could not be repaired, was a total loss, and must be replaced.

12.

As a result of MSC's and/or its agents improper discharge of the propeller shaft, the propeller shaft was not delivered in good order and condition to Gulf Island, the intended consignee.

13.

Gulf Island has suffered damages all as a result of MSC's fault and negligence, including the cost of replacing the propeller shaft, including taxes and other fees, financial loss arising from delays in the T-ATS Project, and other damages to be proven at the trial of this matter.

## **COUNT I - COGSA**

14.

Gulf Island re-alleges and re-avers the allegations contained in Paragraph 1 through 13, as if set forth herein *in extenso*.

15.

On or about January 2021, MSC was hired to transport the propeller shaft and other cargo from Trieste, Italy to New Orleans, Louisiana.

16.

MSC contracted and agreed to deliver the subject propeller shaft in the same good order and condition as when received. As evidence of that agreement, MSC issued its Seaway Bill of Lading without exception.

17.

MSC breached its contract of carriage by failing to deliver the subject propeller shaft in good order and condition to Gulf Island, the intended consignee, at the destination as promised. Specifically, MSC failed to "properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried" in accordance with COGSA. 46 U.S.C. § 30701 note, § 3(2)

18.

For the reasons noted herein, MSC and/or its agents breached its respective duties and obligations under the contract of carriage and breached their respective obligations as carrier in one or more of the following ways:

    a. Failing to properly package and secure the propeller shaft for the intended transportation from Italy to the United States;

    b. Failing to deliver the propeller shaft in good order and condition;

    c. Failing to properly discharge the propeller shaft in a safe manner from the vessel;

    d. Failing to handle the propeller shaft safely; and

    e. Other acts of negligence or breach of duty to be shown at the trial of this matter.

19.

As a result of the damage to the propeller shaft, and the negligence, fault and actions of MSC and/or its agents, Gulf Island has suffered, sustained and incurred significant damages, losses and expenses, including the replacement cost of the damaged propeller shaft as well as financial loss caused by delay in proper delivery.

20.

The negligence, fault and actions of MSC were the proximate cause of the damages, losses and expenses suffered sustained and incurred by Gulf Island. As a direct result of MSC's negligence, fault and actions, Gulf Island suffered significant damages, including but not limited to the following:

a. Replacement cost of the propeller shaft, which is approximately $354,000 in replacement cost, not including taxes and other fees;

b. Other incidental and related expenses, including survey expenses, agent assistance and expenses, and other consequential damages;

c. Financial loss caused by the delay in delivery of the cargo, including foreseeable delays in the T-ATS Project;

d. All other damages established at trial.

## COUNT II - HARTER ACT

21.

Gulf Island re-alleges and re-avers the allegations contained in Paragraph 1 through 20, as if set forth herein *in extenso*.

22.

In the alternative, should this Court hold that COGSA does not apply to cargo damaged during discharge from the Vessel, Gulf Island also brings a cause of action against MSC under the provisions of the Harter Act for the negligent care and delivery of cargo. *Allstate Insurance Co. v. Imparca Lines*, 646 F.2d 166, 168 (5th Cir. 1981).

## COUNT III - NEGLIGENCE/ BAILMENT

23.

Gulf Island re-alleges and re-avers the allegations contained in Paragraph 1 through 22, as if set forth herein *in extenso*.

24.

Strictly in the alternative, should this Court hold that neither COGSA nor the Harter Act applies, Gulf Island also brings a cause of action for negligence/ bailment.

25.

The propeller shaft was delivered to MSC and placed in MSC's trust and care. MSC was obligated to redeliver the propeller shaft in good and suitable condition to Gulf Island, the consignee. Upon information and belief, MSC or MSC's agents exercised exclusive possession of the propeller shaft. Because the propeller shaft was damaged during discharge and while under MSC's possession and control, MSC is presumed to be at fault.

\*   \*   \*   \*   \*

**WHEREFORE**, Plaintiff, Gulf Island Shipyards, LLC prays:

1. That Mediterranean Shipping Company (USA), Inc., as agent for Mediterranean Shipping Co. S.A., Geneva, be duly served with a copy of this Complaint for

Damages and cited to appear and answer, all and singularly, the allegations of the Complaint for Damages; and

2. That after due proceedings are had, there be judgment herein in favor of Plaintiff, Gulf Island Shipyards, LLC and against Defendant, Mediterranean Shipping Company (USA), Inc., as agent for Mediterranean Shipping Co. S.A., Geneva, in the full amount of all damages claimed, including:

   a. Replacement cost of the propeller shaft, which is approximately $354,000 in replacement cost, not including taxes and other fees;

   b. Other incidental and related expenses, including survey expenses, agent assistance and expenses, and other consequential damages;

   c. Financial loss caused by the delay in delivery of the cargo, including foreseeable delays in the T-ATS Project;

   d. All other damages established at trial, together with pre-judgment interest and costs; and

3. That the Court enter any other relief which the Court deems appropriate.

This 16th day of August, 2021.

Respectfully submitted,

*/s/ L. Etienne Balart*
L. ETIENNE BALART (# 24951)
SARA B. KUEBEL (# 38305)
JONES WALKER, LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana  70170-5100
Telephone: 504-582-8584
Facsimile:  504-589-8584
Email: ebalart@joneswalker.com
skuebel@joneswalker.com

*Attorneys for Gulf Island Shipyards, LLC*