```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GULF ISLAND SHIPYARDS, LLC,

                Plaintiff,

-against-

MEDITERRANEAN SHIPPING COMPANY (USA), INC., as agent for MSC MEDITERRANEAN SHIPPING CO. S.A., GENEVA, MARTIN BENCHER USA, LLC, and MARTIN BENCHER (SCANDINAVIA) A/S

                Defendants.

---

MSC MEDITERRANEAN SHIPPING CO. S.A.,

                Counter-Plaintiff,

-against-

GULF ISLAND SHIPYARDS, LLC,

                Counter-Defendant.

---

MSC MEDITERRANEAN SHIPPING CO. S.A.,

                Cross-Plaintiff,

-against-

MARTIN BENCHER USA, LLC and MARTIN BENCHER (SCANINANVIA) A/S,

                Cross-Defendants.

1:22-cv-01018 (MKV)

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

---

MARY KAY VYSKOCIL, United States District Judge:

      Gulf Island Shipyards, LLC ("Gulf Island") brought this maritime action for damage done to a propeller shaft it owned while the propeller shaft was being discharged from a cargo ship owned by MSC Mediterranean Shipping Company S.A. ("MSC"). On March 29, 2023, the Court

issued an Opinion and Order denying the motion filed by MSC for partial summary judgment on the issue of whether any damages available to Gulf Island are limited to $500 per package by the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 (2006).  [ECF No. 89].  Specifically, the Court held that the application of the $500 per package limit turned on the terms of the MSC Sea Waybill (the "MSC Waybill"), and that those terms were unclear given that MSC filed one version of that shipping document with its motion for summary judgment and a different version with its reply brief, without any explanation for the difference.

MSC has now moved for reconsideration.  [ECF No. 91].  In particular, MSC argues that there is no genuine dispute that the MSC Waybill filed with its reply brief is the operative version of that shipping document; that the terms of that document limit recovery to $500 per package; and that the Court should reconsider its ruling in light of this newly available evidence so as to prevent manifest injustice.  In the alternative, MSC moves to re-file its partial motion for summary judgment to include declarations attesting to the fact that the MSC Waybill attached to it reply is the operative version of that document.

Reconsideration of an opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scare judicial resources."  *Schansman v. Sberbank of Russia PJSC*, No. 19-cv-2985, 2022 WL 4813472, at *1 (S.D.N.Y. Sept. 30, 2022) (citation omitted).  The standard must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."  *Girl Scouts of the U.S.A. v. Boy Scouts of America*, No. 18-cv-10287, 2020 WL 6323130, at *1 (S.D.N.Y. Oct. 28, 2020) (citation omitted).  "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

There is no basis for reconsideration here. MSC elected to move for partial summary judgment early in the proceedings, before the completion of discovery, attesting under penalty of perjury to the fact that the MSC Waybill it attached to its motion was the operative version of that shipping document. ECF No. 71 at ¶ 6. MSC now claims that the version it chose to file was incomplete—*i.e.*, it was missing the critical third page, which contained the terms and conditions—and that the complete version of the document was not available until the filing of its reply brief. But this story does not add up. As the Court identified in its Opinion and Order, the MSC Waybill that MSC initially filed differs in various ways—aside from the absent third page—from the MSC Waybill filed with the reply. *See* ECF No. 89 at 13 (*comparing* ECF No. 71-2, *with* ECF No. 84-1). MSC did not attempt previously to explain those differences, nor does it attempt to do so now. As a result, the Court once again is left "entirely unable to determine what shipping documents were provided to what parties and when." ECF No. 89 at 13.

It may turn out, of course, that MSC is correct with respect to which MSC Waybill governs. But we do not yet know that to be the case. In the event that MSC's position is bolstered by evidence obtained during discovery, such evidence may be presented at trial or used as the basis for early settlement. While MSC complains that the issue could be resolved more efficiently at the summary judgment stage, MSC squandered that opportunity by electing to file a premature motion, which was based entirely on a document that MSC now claims (without any support) to be defunct. MSC should not have filed its motion, and wasted the resources of its adversary and this Court, until it had done its diligence and obtained the as-issued MSC Waybill. The Court will not give MSC another (unjustified) bite at the apple.

For the foregoing reasons, MSC's motion for reconsideration is DENIED. The Clerk of Court respectfully is requested to close the Motion at ECF No. 91.

**SO ORDERED.**

Date: **June 6, 2023**
   **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

4