UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GULF ISLAND SHIPYARDS, LLC<br><br>VERSUS<br><br>MEDITERRANEAN SHIPPING COMPANY (USA), INC. as agent for MSC MEDITERRANEAN SHIPPING CO. S.A., GENEVA, MARTIN BENCHER USA, LLC AND MARTIN BENCHER (SCANDINAVIA) A/S | CIVIL ACTION NO. 22-1018-MKV |

**MEMORANDUM IN SUPPORT OF
MARTIN BENCHER'S MOTION TO DISMISS**

Martin Bencher (Scandinavia) A/S, and Martin Bencher USA, LLC (collectively "Martin Bencher") moves to dismiss Gulf Island Shipyards, LLC's Rule 14(c) Tender pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 14(c) provides a procedural mechanism to bring a potentially liable third party into a suit to respond directly to a plaintiff's claim. Dismissal is appropriate here because Martin Bencher already is an existing party to the suit and a direct defendant to the claims of the purported tender, making the Rule 14(c) tender improper and unnecessary.

**BACKGROUND**

Gulf Island initiated this action by filing a complaint against MSC on August 16, 2021. [ECF No. 1]. Gulf Island claimed that MSC was negligent in the care and delivery of a propeller shaft in violation of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701. On March 22, 2022, Gulf Island filed its Amended Complaint [ECF No. 29] which added the Martin Bencher entities as defendants. MSC answered the Amended Complaint. [ECF No. 31]. In so doing, MSC filed a counterclaim against Gulf Island and a crossclaim against Martin Bencher, alleging that after MSC delivered the cargo and the container carrying it to the port in the United States, Gulf Island and Martin Bencher breached the conditions of the MSC Waybill by failing to collect the cargo or return

1

the container, forcing MSC to incur thousands in storage costs and thousands more in damages related to the unreturned container.

Martin Bencher answered MSC's crossclaim [ECF Nos. 48, 65], and moved to dismiss the Amended Complaint [ECF No. 73]. Martin Bencher's Motion to Dismiss Gulf Island's Amended Complaint was granted on March 29, 2023, [ECF No. 89] and the time to appeal has passed. Subsequently, on May 22, 2023, Gulf Island answered MSC's counterclaim and, in the same pleading, Gulf Island also included a tender of MSC's counterclaim to Martin Bencher through an improper use of Rule 14(c).

## STANDARD OF LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] Rule 14(c)(1) provides:

> If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant . . . may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable— either to the plaintiff or to the third-party plaintiff—for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.[2]

Whether brought under Rule 14(a) or Rule 14(c) the tender "may be asserted only against a non-party to the lawsuit."[3] The "unique liberal joinder policy under Rule 14(c) serves to reduce the possibility of inconsistent results in separate actions, eliminate redundant litigation, and prevent a third party's disappearing . . .."[4]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[2] Fed.R.Civ.P. 14(c)(1).
[3] *In re River Constr.*, 2022 U.S. Dist. LEXIS 239546 at *42 (S.D. Tex. Dec. 14, 2022) (citing *In re Katrina Dredging Limitation Actions Consol. Litig.,* No. CIV A 06-8676, 2008 WL 3876461, at *4 (E.D. La. Aug. 20, 2008); *Reynolds v. Eveready Marine, Inc.*, No. CIV.A. 02-3062, 2003 U.S. Dist. LEXIS 8292, 2003 WL 21088095 (E.D. La. May 7, 2003)).
[4] *See e.g., Texaco Expl. & Prod. Co. v. AmClyde Engineered Prod. Co.*, 243 F.3d 906 (5th Cir. 2001).

The "tradition of liberal joinder reflected in Rule 14(c)" enables the third-party plaintiff to force the third-party defendant to defend directly against the main claim, "but that is of no consequence when, as in this case, the third-party defendant is already a defendant in the main action."[5]

## ARGUMENT

Gulf Island is not using the tender to get all of the parties concerned into a single proceeding, because Martin Bencher is already in this proceeding. Moreover, Martin Bencher is already a direct defendant to the claims made by MSC against Gulf Island. When filing its answer, MSC made a counter-claim against Gulf Island and a cross-claim against Martin Bencher alleging that Gulf Island and Martin Bencher breached the conditions of the MSC Waybill by failing to collect the cargo or return MSC's container. Gulf Island attempts to use the tender to establish a different alignment of a direct claim between the two parties, MSC and Martin Bencher, to assert liability for MSC's claim against it. Even when liberally construed, this alignment attempt by Gulf Island does not further the purpose of Rule 14(c). Gulf Island's claims against Martin Bencher have been dismissed, but Martin Bencher has remained in this case due to MSC's cross-claim against it. Any purported tender of those claims in which Martin Bencher is already defending is both unnecessary and improper.

Rule 14, titled "Third Party Practice," permits, under section (c), a defendant in a maritime claim to bring in as a defendant a potentially liable third party who may be wholly or partially liable to the plaintiff. The effect is that the third party defendant to whom the claim is tendered must defend the claim as if it were sued directly by the original plaintiff.

This third party practice is wholly unnecessary and inappropriate here. Martin Bencher was named as a direct defendant by MSC. Martin Bencher is already a party to this lawsuit and a direct defendant to MSC's crossclaim which is identical to the counterclaim against Gulf Island. Martin Bencher is not a third party to whom the Rule 14(c) procedure could be applicable. The "tradition of

---

[5] *In re Oil Spill by Amoco Cadiz off Coast of France on Mar. 16, 1978*, 699 F.2d 909, 913 (7th Cir. 1983).

liberal joinder reflected in Rule 14(c)" enables the third-party plaintiff to force the third-party defendant to defend directly against the main claim, "but that is of no consequence when, as in this case, the third-party defendant is already a defendant in the main action." *In re Oil Spill by Amoco Cadiz off Coast of France on Mar. 16, 1978*, 699 F.2d 909, 913 (7th Cir. 1983). Because Martin Bencher is not a third party to whom Rule 14 could be applicable, there is no need or reason for a Rule 14(c) tender to be made here, and use of this procedure is improper under the Federal Rules of Civil Procedure.

## CONCLUSION

Because Martin Bencher already is a direct defendant to MSC's suit, Gulf Island's Gulf Island's Rule 14(c) tender is improper. Martin Bencher respectfully moves this Court for an order dismissing with prejudice Gulf Island's Rule 14(c) Tender of MSC's counterclaim to Martin Bencher USA, LLC and Martin Bencher (Scandinavia) A/S pursuant to Rule 12(b)(6).

                                                              Respectfully submitted,

                                                              */s/ Michael A. Harowski*
                                        MICHAEL A. HAROWSKI (La. Bar #30543)
SUMA s. THOMAS
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
400 Poydras Street, Suite 2250
New Orleans, Louisiana 70130
Telephone:  504-702-1710
Fax:  504-702-1715
michael.harowski@wilsonelser.com
suma.thomas@wilsonelser.com
*Counsel for Martin Bencher (Scandinavia) A/S and Martin Bencher USA, LLC*

4

283315447v.1