UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
GULF ISLAND SHIPYARDS, LLC,

                       Plaintiff,

        -against-

MEDITERRANEAN SHIPPING COMPANY (USA),
INC., as agent for MSC MEDITERRANEAN
SHIPPING CO. S.A., GENEVA, et al.,

                       Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/15/2023

1:22-cv-1018-MKV

**ORDER GRANTING MOTION
TO DISMISS RULE 14(c)
TENDER**

MARY KAY VYSKOCIL, United States District Judge:

Defendants Martin Bencher (Scandinavia) A/S and Martin Bencher USA, LLC (together, "Martin Bencher") move to dismiss Plaintiff Gulf Island Shipyards, LLC's ("Gulf Island") Federal Rule of Civil Procedure 14(c) tender pursuant to Rule 12(b)(6). For the reasons that follow, the motion to dismiss is GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Gulf Island initiated this action by filing a complaint against Defendant Mediterranean Shipping Company (USA) Inc. ("MSC"), claiming that MSC damaged cargo transported in international and/or interstate commerce, in violation of the Carriage of Goods by Sea Act, 46 U.S.C. § 30701. [ECF No. 1]. Gulf Island subsequently amended its complaint, adding the Martin Bencher entities as Defendants. [ECF No. 29]. MSC answered the amended complaint and simultaneously counterclaimed against Gulf Island and crossclaimed against Martin Bencher, alleging that Gulf Island and Martin Bencher breached the terms of a bill of lading

between MSC and Martin Bencher (the "MSC Waybill") by failing to accept delivery of the cargo and return the container to MSC, causing MSC to incur damages. [ECF No. 31].

Martin Bencher answered MSC's crossclaim [ECF Nos. 48, 65] and moved to dismiss the amended complaint [ECF No. 73]. The Court granted Martin Bencher's motion to dismiss the amended complaint. [ECF No. 89]. Gulf Island then answered MSC's counterclaim and tendered that counterclaim to Martin Bencher pursuant to Rule 14(c). [ECF No. 96].

Martin Bencher now moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Rule 14(c) tender. [ECF No. 104]. Martin Bencher filed a memorandum of law in support of its motion. [ECF No. 105 ("Martin Bencher Mem.")]. Gulf Island filed a memorandum of law in opposition to the motion. [ECF No. 107 ("Gulf Island Mem.")]. Martin Bencher did not file a reply.

## LEGAL STANDARD

### I. Rule 14(c): Third-Party Practice in Admiralty or Maritime Claims

Federal Rule of Civil Procedure 14(c) provides for a form of impleader practice in admiralty and maritime actions. The Rule states:

> (1) If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff— for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.
>
> (2) The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Fed. R. Civ. P. 14(c); *see Royal & Sun All. Ins., PLC v. Ocean World Lines, Inc.*, 612 F.3d 138, 143 (2d Cir. 2010); *Man Ferrostaal, Inc. v. M/V LOKRIS*, No. 05 CIV. 9138 (DC), 2007 WL

1470527, at *1 (S.D.N.Y. May 22, 2007).

In short, "Rule 14(c) allows the defendant in an admiralty action to implead another party who may be liable either to the original plaintiff or to the third-party plaintiff." *Burke v. Quick Lift, Inc.*, 464 F. Supp. 2d 150, 160 (E.D.N.Y. 2006). Unlike impleader practice in non-admiralty cases under Rule 14(a), a Rule 14(c) tender establishes a direct relationship between the plaintiff and a third-party defendant upon the assertion of a third-party claim. *See id.* at 160 n.10. A Rule 14(c) claim "may be asserted only against a non-party to the lawsuit." *Reynolds v. Eveready Marine, Inc.*, No. CIV.A. 02-3062, 2003 WL 21088095, at *2 (E.D. La. May 7, 2003). Accordingly, a Rule 14(c) claim "is of no consequence when . . . the third-party defendant is already a defendant in the main action." *In re Oil Spill by Amoco Cadiz off Coast of France on Mar. 16, 1978*, 699 F.2d 909, 913 (7th Cir. 1983).

## II. Rule 12(b)(6): Failure to State a Claim

A third-party defendant impleaded under Rule 14(c) "may assert any defenses to the third-party plaintiff's claim in the manner provided in Rule 12." *Burke*, 464 F. Supp. 2d at 160 (cleaned up). To survive a motion to dismiss pursuant to Rule 12(b)(6), a party must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal

conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## DISCUSSION

Martin Bencher argues that Gulf Island's Rule 14(c) tender must be dismissed because Martin Bencher is already a party to this proceeding and a direct defendant to the claims made by MSC against Gulf Island, as MSC simultaneously crossclaimed against Martin Bencher. *See* Martin Bencher Mem. 3. Although the Court dismissed Gulf Island's direct claims against Martin Bencher, Martin Bencher remains a party to this action on MSC's crossclaim. [*See* ECF No. 89]. Martin Bencher argues that Gulf Island attempts improperly to use Rule 14(c) to establish a different alignment of a direct claim between MSC and Martin Bencher. *See* Martin Bencher Mem. 3–4 (citing *In re Oil Spill by Amoco Cadiz*, 699 F.2d at 913).

In opposition, Gulf Island argues that it may implead Martin Bencher under Rule 14(c) because Gulf Island was not a party to the MSC Waybill, upon which MSC bases its counterclaim against Gulf Island. *See* Gulf Island Mem. 2–3. Accordingly, Gulf Island seeks to tender that counterclaim to Martin Bencher, who was a party to the contract. *Id.* at 2. However, Gulf Island acknowledges that the same result could be reached by crossclaiming against Martin Bencher pursuant to Rule 13. *See id.* at 3–4; Fed. R. Civ. P. 13(g) (providing that a pleading "may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action" and that a "crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant"). In the event that Martin Bencher's motion to dismiss is

4

granted, Gulf Island requests that the Court permit its Rule 14(c) tender to "be converted or allowed to be amended to a cross-claim under Rule 13." Gulf Island Mem. 3.

Gulf Island has failed to state a claim under Rule 14(c) because it asserts the claim against a third-party defendant that is already a party to this action. *See Reynolds*, 2003 WL 21088095, at *2; *In re Katrina Dredging Limitation Actions Consol. Litig.*, No. CIV A 06-8676, 2008 WL 3876461, at *4 (E.D. La. Aug. 20, 2008); *see also Matter of B & H Towing, Inc.*, No. 6:05-CV-00233, 2006 WL 8439038, at *2 (S.D.W. Va. Mar. 27, 2006). A Rule 14(c) tender may be asserted "*only* against a non-party to the lawsuit." *Reynolds*, 2003 WL 21088095, at *2 (emphasis added). Martin Bencher is a defendant in this action as Cross-Defendant on MSC's crossclaim. *See In re Oil Spill by Amoco Cadiz*, 699 F.2d at 913 (Rule 14(c) "is of no consequence when, as in this case, the third-party defendant is already a defendant in the main action."). As Gulf Island appears to concede, the Federal Rules provide the proper procedural mechanism by which to claim against Martin Bencher with respect to MSC's counterclaim against Gulf Island, *i.e.*, through a crossclaim pursuant to Rule 13(g).

## CONCLUSION

For the foregoing reasons, Martin Bencher's motion to dismiss is GRANTED. The Clerk of Court respectfully is requested to terminate the motion pending at docket entry 104. Gulf Island is GRANTED leave to amend its answer to MSC's counterclaim [ECF No. 96] within 14 days of this Order.

**SO ORDERED.**

Date: November 15, 2023  
New York, NY

*/s/ Mary Kay Vyskocil*  
**MARY KAY VYSKOCIL**  
**United States District Judge**

5